IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No.  10-cr-00564-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRUCE ROBERT LUTZ,

        Defendant.
_____

ORDER
_____

      As more fully stated on the record at the status hearing on December 16, 2010,  I GRANT Defendant's Unopposed Motion for an Exclusion of 120 Days from the Speedy Trial Act and for Extension Of Time to File Pretrial Motions [**Doc # 11**] and, in so doing, I make the following findings of fact and conclusions of law:

      1)  On November 3, 2010, the Grand Jury indicted Bruce Robert Lutz on one count of Failure to Pay Legal Child Support Obligations in violation of 18 U.S.C. § 228(a)(3) and (c)(2).

      2)  Although the indictment relates only to February of 2009, relevant conduct may encompass a time frame beginning early in 2002 as the Government alleges that Defendant was working during various periods between 2002 and 2009.

      3) A large portion of the discovery covers Defendant's divorce proceeding in 2001 and it is expected that the divorce file contains over 1,000 pages.

      3) In addition, to effectively prepare for this case and represent Defendant, defense counsel or an investigator must travel to Ft. Worth, Texas, in order to interview between five and

six witnesses.

4)  Defendant also resides in Ft. Worth, Texas.  He is unemployed, lives with his mother, and is financially unable to travel to Colorado to meet with defense counsel.  It is essential that defense counsel meet with Defendant to review discovery in this matter.

5)  The Government does not oppose the relief requested.

6)  18 U.S.C. § 3161(h)(7)(A) authorizes me to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(B)(iv) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in a case . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  I conclude that the requirements of 18 U.S.C. 3161(h)(7)(B)(iv) have been met.

7)  Therefore, given the circumstances in this case, the ends of justice served by the delay outweigh the best interest of the public and Defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).  Specifically, I conclude that a failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

ACCORDINGLY, I GRANT Defendant's Unopposed Motion for an Exclusion of 120 Days from the Speedy Trial Act and for Extension Of Time to File Pretrial Motions [**Doc # 11**] and, as such, I ORDER as follows:

1)  The deadline for filing pretrial motions is extended for sixty (60) days commencing on December 16, 2010; and

2)  This case is continued, pursuant to 18 U.S.C. § § 3161(h)(7)(A), and the speedy trial deadline is tolled, for a period commencing December 16, 2010 through April 15, 2011.

3) A further status/schedule conference is set for **Friday, April 8, 2011 at 9:00 am.**

Dated:  December   17  , 2010  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T.  BABCOCK, JUDGE